Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MOBILE GAME ADVERTISING & MORE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

**PARTIES**

1. Plaintiff is a Delaware corporation.

2. Defendant John Doe is an anonymous individual who uses the Discord handle "@fightshere"

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

4. This Court has personal jurisdiction over defendant Doe because he maliciously hacked into a Roblox account containing material belonging to plaintiff, and then misappropriated game files from Roblox servers located in California. In so doing, defendant Doe electronically entered the forum state, thereby expressly aiming his intentional act at the forum state. He also



MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

knew that harm would be suffered in the forum state when he unlawfully stole popular game files from the Roblox server to distribute them on the black market. The unlawful acquisition and distribution of Roblox games harms Roblox, a company headquartered in California.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district.

**FACTUAL BACKGROUND**

6. On or about July 14, 2026, defendant Doe contacted PlayStation support services and impersonated plaintiff's Chief Technology Officer to access his PlayStation account. Because plaintiff's Chief Technology Officer had his official Roblox account linked to his PlayStation account, Doe was able to access and download at least three Roblox game files owned, in whole or in part, by plaintiff: Grow a Garden, Murders vs. Sheriffs, and Knockout (collectively, the "Stolen Games").

7. Doe then attempted to sell the Stolen Games on Discord, a popular messaging platform. In at least one discussion, he asked whether the other party was here "to make [him] money or not[.]" He further admitted to the theft, explaining that he was able to access an account without two-factor authentication enabled (*i.e.*, the PlayStation account).

8. After plaintiff learned that its Chief Technology Officer's accounts had been compromised, plaintiff promptly investigated and responded to the intrusion. Plaintiff incurred reasonable costs responding to the offense and conducting a damage assessment, including employee and time spent identifying what defendant accessed, securing and restoring the compromised accounts, and preventing further unauthorized access. These costs exceed the statutory minimum within a one-year period.

**CLAIMS FOR RELIEF**

**(Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(C), and (a)(4))**

9. Plaintiff fully realleges and incorporates the above allegations.

10. Defendant Doe intentionally accessed one or more "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B)—including the PlayStation and Roblox systems and the

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

accounts stored on them—which are used in and affect interstate commerce and communication. By means of that access, defendant obtained information from those protected computers, including the Stolen Games.

11. Defendant Doe had no authorization to access either the PlayStation account or the Roblox account.

12. Defendant's unauthorized access caused damage within the meaning of 18 U.S.C. § 1030(e)(8), impairing the integrity and availability of the compromised accounts and the data in them, including by taking control of the accounts.

13. Alternatively, defendant accessed the protected computers knowingly and with intent to defraud. Defendant's deception of PlayStation support to obtain access he was not entitled to, together with his subsequent efforts to sell the Stolen Games for profit, evidence that fraudulent intent.

14. By means of that access, defendant furthered the intended fraud and acquired the Stolen Games, which are all things of value.

15. As a result of defendant's conduct, plaintiff suffered damage or loss—including the reasonable costs of responding to the offense, conducting a damage assessment, and restoring the affected accounts and data—exceeding the statutory minimum during a one-year period.

## JURY DEMAND

16. Plaintiff requests a jury trial on all issues in this matter.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Judgment in favor of plaintiff and against defendant;

2. Compensatory damages;

3. Preliminary and permanent injunctive relief restraining defendant, and all persons acting in concert with him, from accessing plaintiff's and its Chief Technology Officer's accounts and computers, and from using, disclosing, selling, offering to sell, or otherwise transferring the Stolen Games or any information obtained through the unauthorized access;

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

4. For an order requiring defendant to return and destroy all copies of the Stolen Games and any other information obtained through the unauthorized access, and to identify all persons to whom he has disclosed or transferred them;

5. Pre-judgment and post-judgment interest;

6. Any further relief in law or equity that plaintiff is entitled to or which the Court deems appropriate.

DATED: July 17, 2026. MARKOWITZ HERBOLD PC

*s/Joseph M. Levy*
Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiff*

2472253.2

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105